IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SAM EDWARD THURMOND, SR.
ADC #127149                                                                                          PLAINTIFF

v.                                              4:17CV00314-JM-JTK

DELLWYN ELKINS, *et al.*                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

## I. Introduction

Plaintiff Sam Thurmond is an inmate confined at the Drew County Detention Center. He filed a pro se 42 U.S.C. § 1983 action against Defendants and has been granted in forma pauperis status. (Doc. Nos. 1, 6). Having reviewed Plaintiff's Amended Complaint (Doc. No. 82) and documents filed by Defendants in support of their Motion for Summary Judgment (Doc. No. 86), the Court recommends this case be dismissed under Heck v. Humphrey, 512 U.S. 477 (1994) and that Defendants' motion for summary judgment (Doc. No. 85) be denied as moot.

## II. Background

Plaintiff originally sued the Conway Police Department, Officer Dellwyn Elkins, Officer Gordan Ball, and Public Defender Keith Faulkner alleging that Elkins used excessive force during an arrest, as well as a conspiracy between Defendants to obtain a conviction against him. (Doc. No. 1). Plaintiff later added the City of Conway (the "City") as a Defendant (Doc. No. 3).

Plaintiff's claims against the Conway Police Department and Faulkner were dismissed; service was ordered on Elkins, Ball, and the City. (Doc. Nos. 9, 10, 11, 12). Plaintiff later filed several motions that the Court interpreted, collectively, as a motion for leave to amend his complaint; his motion was granted. (Doc. Nos. 20, 21, 26, and 27). Plaintiff filed his Amended Complaint on October 4, 2017, adding Officer Ryan M. Britton and Detective Sarah E. Ault as Defendants, but those claims were later dismissed for failure to state a claim on which relief may be granted. (Doc. Nos. 28, 34, 44). Plaintiff was again granted leave to amend his complaint. (Doc. Nos. 47, 80-82). Plaintiff's claims as set forth in his latest amended complaint are excessive force, assault and battery, and conspiracy to convict and to revoke parole. (Doc. No. 82).

### III.   Analysis

"It is well established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000). Accordingly, only Plaintiff's claims as set out in his latest amended complaint will be considered. In considering Plaintiff's claims, the Court may dismiss the case sua sponte at any time if the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from damages. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A(b). Further, "a question of subject-matter jurisdiction may be raised sua sponte at any time." Long v. Area Manager, Bureau of Reclamation, 236 F.3d 910, 916 (8th Cir. 2001).

####    A.   **Excessive Force**

Plaintiff's claims as he expressed them in his amended complaint include allegations of excessive force. (Doc. No. 82). Plaintiff alleges Defendant Elkins used excessive force against him during an arrest. In State v. Thurmond, CR 2017-118, Circuit Court of Faulkner County, Arkansas, Plaintiff pled guilty to Battery II and Fleeing. (Doc. No. 86-7). In support of their

3

motion for summary judgment, Defendants attached a transcript of Plaintiff's April 13, 2017 plea hearing. As confirmed by Plaintiff's own testimony, Plaintiff acknowledged that he took items that did not belong to him from a Wal-Mart store, and then fled law enforcement. (Doc. No. 86-6 at 6). Plaintiff further confirmed that "in connection with that event an officer was injured and that's the basis for the Battery Second charge." (Id. at 6-7). The court takes judicial notice of the Faulkner County proceedings because they directly relate to issues raised in this case. *See* Great Plains Trust Co. v. Union Pacific R. Co.*,* 492 F.3d 986, 996 (8th Cir. 2007).

Plaintiff's allegations that Elkins used excessive force against him are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck v. Humphrey, the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87. Courts have held that *Heck* bars an excessive force claim brought by an individual convicted of battery arising out of a physical altercation with a police officer. See e.g.*,* Connors v. Graves*,* 538 F. 3d 373 (5th Cir. 2008); Hudson v. Hughes*,* 98 F.3d 868 (5th Cir.1996); see also Hainze v. Richards*,* 207 F.3d 795, 798 (5th Cir. 2000) (an excessive force claim under § 1983 is barred as a matter of law if brought by an individual convicted of aggravated assault related to the same events).

Here, Plaintiff pled guilty to Battery II. He acknowledged that the basis of the battery charge was injury of a police officer; Defendant Elkins was the victim. Claims of excessive force may often proceed without calling into question the underlying conviction. See Colbert v. City

4

of Monticello, Ark., 775 F.3d 1006, 1008 (8th Cir. 2014); Henson v. Brownlee, 2 Fed. Appx. 635, 637 (8th Cir. 2001). Under the circumstances of this case, however, Elkins's use of force necessarily calls into question Plaintiff's guilt on the Battery II charge. Accordingly, Heck bars Plaintiff's excessive force claim unless his conviction has been reversed, set aside, or otherwise held invalid. Nothing in any of Plaintiff's filings suggests that is the case. Because Plaintiff has not satisfied Heck's requirements, the Court lacks subject matter jurisdiction over his excessive force claim and that claim should be dismissed.

### B. Conspiracy

According to Plaintiff, "Officer Ball did in fact conspire with Officer Elkins to deprive Plaintiff of his right to equal protection after his arrest by falsifying his incident report to cover-up wrongdoing. By manipulating and lodging trumped up felony charges against Plaintiff in order to have his parole violated and prosecuted in a court of law." (Doc. No. 82 at 1-2). These allegations necessarily imply the invalidity of Thurmond's revocation and conviction. Again, Plaintiff's claim is Heck-barred. See Newmy v. Johnson, 758 F.3d 1008 (8th Cir. 2014) (applying Heck to parole revocations). His conspiracy claim likewise should be dismissed.

### C. State Law Claims

Subject matter jurisdiction is lacking over Plaintiff's federal claims and it is recommended those claims be dismissed. It is further recommended that this Court decline to exercise jurisdiction over any state law claims Plaintiff made. 28 U.S.C. § 1367(a), (c); Crest Const. II, Inc. v. Doe, 660 F.3d 346, 359 (8th Cir. 2011).

## IV. Conclusion

The Court recommends that Judge Moody DISMISS Sam Edward Thurmond's 42 U.S.C. § 1983 claims without prejudice, decline to exercise jurisdiction over Plaintiff's state-law claims,

and dismiss Plaintiff's complaint (Doc. No. 82).  The Court also recommends that Judge Moody DENY as MOOT Defendants' motion for summary judgment. (Doc. No. 85).  Furthermore, Judge Moody should certify that, pursuant to 28 U.S.C. § 1915(a)(3), an in forma pauperis appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

    IT IS SO RECOMMENDED this 12th day of March, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE